# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. HUCKER, | CASE NO.    1:09-CV-01262-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No.  1) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendant. | |
| _____/ | |

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

Plaintiff Jason R. Hucker ("Plaintiff"), an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Kern Valley State Prison ("KVSP") in Delano, California, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 21, 2009 and consented to Magistrate Judge jurisdiction on July 31, 2009.  (ECF Nos. 1 & 4.)  No other parties have appeared in this action.  Plaintiff's Complaint is now before this Court for

1

screening.

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of his Eighth Amendment rights by a single Defendant, the California Department of Corrections ("CDOC").

Specifically, Plaintiff alleges that on February 14, 2009 at approximately 2:30 a.m., he attempted to climb out of his assigned upper bunk bed. Despite using a desk and a locker for support, he fell, was injured, and sustained a cut to his head. Plaintiff's cell-mate applied pressure to the wound and notified prison staff of the injury. Plaintiff was transported to the Correctional Treatment Center ("CTC"), where he was given pain medication and then transported to an outside hospital, where his head wound was stapled. He was then returned to the prison. He did not receive further medical treatment for his injury until five days later.

Although, not entirely clear, Plaintiff's complaint seems to allege deliberate indifference to the risk posed by the bunk bed construction and inadequate medical care, and he seeks a court order requiring CDOC to change the construction of bunk beds used in state prisons.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## A.   **Eighth Amendment Claims**

Plaintiff alleges  inadequate medical care and deliberate indifference to the danger created by the absence of a step or ladder to facilitate getting into and out of his bunk bed. Arguably, both claims invoke Plaintiff's rights under the Eighth Amendment.

### 1.   Medical Care Claim

Plaintiff alleges that Defendant failed to provide him with adequate medical care after his fall.   "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff fails to allege facts sufficient to show "deliberate indifference to serious medical needs."  Plaintiff has not set forth facts to suggest, nor has he even alleged, that Defendant knew of a serious medical condition and was deliberately indifferent to it.  There is no indication of a significant delay between the discovery of Plaintiff's injury and

5

his being transported to the hospital for treatment.  There is no allegation that the chosen course of treatment was medically unacceptable.  There is no allegation Plaintiff suffered any harm as a result of the five day delay in follow-up treatment.  Plaintiff's Complaint does little more than assert that he was treated in a way he believes inadequate.  He has not stated a claim.

The Court will however give Plaintiff leave to amend this claim to include true facts and allegations that meet the requirements identiified above for stating a claim.

2.      Bunk Bed Claim

Plaintiff alleges that the lack of a step or ladder for upper bunk beds creates a substantial risk to prisoners' safety.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  See Farmer, 511 U.S. at 834.  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.      See id.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted).  "The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety."  Patterson v. County of San Diego, 2010 WL 3957398 *3 (S.D.Cal., 2010) (quoting Farmer, 511 U.S. at 834).

To reach the "deliberate indifference" standard , a plaintiff must show "that the official was aware of a risk to the inmate's health or safety and that the official deliberately

disregarded the risk." <u>Foster v. Runnels</u>, 554 F.3d 807, 814 (9th Cir. 2009).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." <u>Farmer</u>, 511 U.S. at 837.  "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." <u>Estelle</u>, 429 U.S. at 104.

Plaintiff alleges only that he suffered injury because of the lack of a step or ladder attached to his bunk bed.  Plaintiff fails to allege that, prior to his injury, Defendant was aware of a substantial risk posed to his or other prisoners' safety.  Further, assuming Defendant had knowledge of a substantial risk to prisoner safety, Plaintiff fails to allege that Defendant disregarded such risk.

While the Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim, it is to be noted that multiple courts have held that the failure of prison officials to equip a plaintiff's bunk with a ladder does not amount to the deprivation of "a minimal civilized measure of life's necessities." <u>Johnson v. LeBlanc</u>, 2010 WL 2350474, *3 (M.D.La., Mar. 29, 2010).  <u>See, e.g.</u>, <u>Robinett v. Correctional Training Facility</u>, 2010 WL 2867696, *2-3 (N.D.Cal., July 20, 2010) ("Requiring an able-bodied inmate to use a bunk bed with two climbing steps without a ladder or handrail does not deny him the minimal civilized measure of life's necessities."); <u>Connolly v. County of Suffolk</u>, 533 F.Supp.2d 236, 241 (D.Mass. 2008) (absence of ladders for bunk beds did not amount to the deprivation of a "minimal civilized measure of life's necessities"); <u>Armstrong v. Terrebonne Parish Sheriff</u>, 2006 WL 1968887, *6 (E.D.La., June 6, 2006) (holding that the United States Constitution does not require ladders for bunk beds and that, where there was

a swivel chair and table to step on, there was "[a] reasonable means of getting into the top bunk, if the inmate would have taken reasonable care for his own safety"); Wilson v. State, 2002 WL 31499736, *7 (W.D.Va., May 6, 2002) (holding that, notwithstanding plaintiff's diagnosed knee condition and complaint of prior falls, "the lack of ladders . . . in the jail cells does not constitute a dangerous condition in and of itself.").

Thus, Plaintiff should keep in mind that the failure to provide a step or a ladder may not reasonably be characterized as a deliberate deprivation of a human need or as a condition that placed Plaintiff's health or welfare in imminent danger in a way which Defendant was aware of yet ignored. Farmer, 511 U.S. 825. In the absence of any allegation of knowledge or awareness on Defendant's part that Plaintiff was unable to negotiate the allegedly hazardous condition through the use of reasonable care, Plaintiff's claims sound more in the nature of a claim of negligence which is not actionable under Section 1983. Farmer, 511 U.S. at 835-36 & n. 4. If an Amended Complaint also fails to meet this high standard of pleading, Plaintiff's claim may well be dismissed with prejudice.

## B.   Relief Request

Plaintiff appears to be requesting injunctive relief, i.e., a court order directing changes in prison bunk bed design. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. §3626(a)(1)(A).  Plaintiff's request for injunctive relief does not meet this criteria and is not actionable under Section 1983.  The Court will give Plaintiff leave to amend his Complaint to attempt to seek relief consistent with the Act.

### C.   Defendant CDOC – Eleventh Amendment Immunity

Plaintiff names the CDOC as the only defendant.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citations omitted); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDOC is a state agency, it is entitled to Eleventh Amendment immunity from suit.  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Accordingly, Plaintiff cannot state any claims against Defendant CDOC and all claims pertaining to Defendant CDOC are dismissed with prejudice.

Plaintiff will be given leave to amend his Complaint to correct the defect and, if appropriate, name alternate defendants who may be liable.  Lopez v. Smith, 203 F.3d 1122, 1130-1131 (9th Cir. 2000).  Plaintiff must keep in mind that under Section 1983, it must be demonstrated that each individual defendant personally participated in the deprivation of

Plaintiff's rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," which is loosely and commonly used by both courts and litigants alike, is a misnomer. <u>Iqbal</u>, 129 S.Ct. at 1949 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.") Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. <u>Id.</u> at 1948-49.

## IV.   <u>CONCLUSION AND ORDER</u>

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. For the reasons stated above, all claims against Defendant CDOC are dismissed with prejudice. The Court will provide Plaintiff time to file an amended complaint to address the other potentially correctable deficiencies noted above. <u>See Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. Plaintiff should focus the amended complaint on claims and defendants only relating to issues arising due to the incident on February 14, 2009.

10

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Based on the foregoing, it is HEREBY ORDERED that:

1.    All claims against Defendant CDOC are dismissed with prejudice, and CDOC is dismissed as a party to this action;

2.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-CV-1262-MJS (PC); and

4.    If Plaintiff fails to comply with this order, this action may be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.


Dated:    November 24, 2010          /s/ _Michael J. Seng_

ci4d6                               UNITED STATES MAGISTRATE JUDGE

11