UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. HUCKER,<br><br>             Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>             Defendants.<br> | CASE NO. 1:09-cv-1262-MJS (PC)<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH THE COURT'S NOVEMBER 24, 2010 SCREENING ORDER<br><br>(ECF No. 10)<br><br>PLAINTIFF MUST SHOW CAUSE OR FILE A FIRST AMENDED COMPLAINT BY **FEBRUARY 1, 2011** |

Plaintiff Jason Hucker is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 24, 2010, the Court screened Plaintiff's Complaint and found that it failed to state a claim upon which relief could be granted. The Court dismissed Plaintiff's complaint and ordered him to file an amended complaint within thirty days. (ECF No. 10.) Plaintiff was warned that failure to comply with the Court's order could result in dismissal of this action for failure to state a claim upon which relief could be granted.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

1 prejudice, based on a party's failure to prosecute an action, failure to obey a court order, 2 or failure to comply with local rules.  <u>See</u>, e.g. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 3 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 4 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment 5 of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure 6 to comply with local rule requiring pro se plaintiffs to keep court apprised of address); 7 <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to 8 comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) 9 (dismissal for failure to lack of prosecution and failure to comply with local rules).

10 Plaintiff has not filed an amended complaint or otherwise responded to the Court's 11 November 24, 2010 Screening Order even though well in excess of thirty days have 12 passed.  Accordingly, not later than **February 1, 2011**, Plaintiff shall either file an amended 13 complaint or show cause why his case should not be dismissed for failure to comply with 14 a court order and failure to state a claim.

15 Failure to comply with this order will result in dismissal of this action.

18 IT IS SO ORDERED.

19 Dated:   January 14, 2011              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

2